UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>        Plaintiff,<br><br>   v.<br><br>CAPITOL REGENCY LLC, a California Limited Liability Company dba Hyatt Regency Sacramento,<br><br>        Defendants. | No. 2:16-cv-02070-JAM-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

    This matter involves a self-described "tester" who calls various hotels to inquire whether they provide ADA compliant pool access for disabled persons like herself. Capitol Regency LLC ("Defendant"), operator of one such hotel, moves this Court to dismiss the action for lack of subject matter jurisdiction.[1] For the reasons set forth below, the Court grants Defendant's motion, without prejudice.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 16, 2017.

1

## I. FACTUAL ALLEGATIONS

The following facts are taken as true for the purposes of this motion:

Plaintiff Theresa Brooke is a disabled woman confined to a wheelchair. Compl. at ¶ 4. She resides in Pinal County, Arizona. Id. at ¶ 1. On some unspecified date, Plaintiff contacted Defendant's hotel "for purposes of booking a room for personal and business affairs in Sacramento." Id. at ¶ 24. Plaintiff asked whether the hotel pool or Jacuzzi had a pool lift or means of access for disabled persons. Id. Defendant's representative informed her that the Jacuzzi did not have such means of access. Id. Plaintiff's agent—again, on some unspecified date—"independently verified that the Jacuzzi does not have a lift in position for use or other access, but that a lift was stored in the corner of the pool area[.]" Id. at ¶ 25. The agent reported its findings to Plaintiff and provided Plaintiff with photographs showing "the lack of accessibility." Id. "But for these barriers, Plaintiff would lodge with Defendant in the near future." Id. "If and when defendant removes these barriers, Plaintiff will lodge with Defendant's hotel since she has several upcoming planned visits to Sacramento." Id.; see also ¶¶ 29, 30, 34, & 38.

Plaintiff filed this action against Defendant for discrimination under the Americans with Disabilities Act ("ADA") due to Defendant's alleged failure to remove architectural barriers to make its lodging services fully accessible to disabled individuals. Id. at ¶¶ 41-49. Plaintiff seeks declaratory and injunctive relief on that claim, as well as

attorney's fees and costs.  Id. at ¶ 49.  Plaintiff's second and third causes of action arise under state law, the California Unruh Civil Rights Act and the California Disabled Persons Act, respectively.  Id. at ¶¶ 50-61.

## II.   OPINION

### A.   Legal Standard

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing under Article III.  MTD at 4-5; see Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction[.]").

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit.  Chapman v. Pier 1 Imports, Inc., 631 F.3d 939, 946 (9th Cir. 2011).  "Because the remedy available to a private litigant under the ADA is an injunction, Plaintiff has the burden of proving both an injury in fact and the real threat of future injury." Johnson v. Overlook at Blue Ravine, LLC, No. 2:10-cv-02387-JAM-DAD, 2012 WL 2993890, at *2 (E.D. Cal. Jul. 20, 2012) (citing Chapman).  An injury in fact must be concrete and particularized and actual or imminent, not conjectural or hypothetical.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  The injury in fact element is met when a disabled plaintiff has encountered a barrier violating the ADA.  Chapman, 631 F.3d at 947 (citing Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1044 (9th Cir. 2008)).  The ADA plaintiff can show a likelihood of future injury either "when he [or she] intends to return to a

noncompliant accommodation and is therefore likely to reencounter a discriminatory barrier" or "when discriminatory architectural barriers deter him [or her] from returning to a noncompliant accommodation." Chapman, 631 F.3d at 950.

B.  Analysis

Plaintiff argues that her "call and confirm method" of ascertaining ADA violations provides her with "actual notice" of the deficiencies, which "triggers the deterrent effect doctrine and therefore confers standing." Opp. at 1-2. Plaintiff contends this question is open in the Ninth Circuit and there is a split between the districts on the answer. Id. at 2, 5.

The Court finds that the weight of authority supports dismissal of Plaintiff's ADA claim. Plaintiff must suffer an injury in fact to invoke Article III standing. However, Plaintiff does not allege that she visited Defendant's hotel or encountered a barrier there. Without such allegations, "Plaintiff's injury is not 'particularized and concrete' . . . [or] 'actual or imminent.'" Brooke v. Peterson, 185 F. Supp. 3d 1203, 1210 (C.D. Cal. 2016) ("Binding precedent supports that under any theory of standing, including the deterrent effect doctrine, an ADA plaintiff must have previously visited a noncompliant place of accommodation to have an injury-in-fact under Article III.") . Although some Ninth Circuit dicta seems to leave the door open for relief, see Peterson, 185 F. Supp. 3d at 1207-10 (discussing the "deterrent effect" ADA cases in detail), the Ninth Circuit has not held that plaintiffs have standing in such circumstances. To the contrary, in each of the Circuit's principal "deterrent effect" cases, the "plaintiffs'

actual knowledge of at least one of the non-compliant barriers came through their own percipient, personal encounters with the barriers and were not simply being reported by an independent agent." Brooke v. Pacific Gateway Ltd., No. 3:17-cv-0796-CAB-WVG, slip op. at 2 (S.D. Cal. May 9, 2017); see Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir. 2002); Doran, 524 F.3d 1034; Chapman, 631 F.3d 939.  The fact that the Ninth Circuit permits ADA plaintiffs to rely on expert evidence to challenge barriers the plaintiff did not personally encounter does not affect the analysis, Doran, 524 F.3d at 1047, as this allowance only arises where standing is already established.

It appears that every district court in California to address this question has concluded Plaintiff lacks standing. See Brooke v. Peterson, 185 F. Supp. 3d at 1207–10, 1213 (dismissing four related complaints for failure to allege an injury in fact); Brooke v. Pacific Gateway Ltd., No. 3:17-cv-0796-CAB-WVG (S.D. Cal. May 9, 2017) ("In sum, the Court finds Plaintiff['s] reliance on a telephone call and report of an independent agent insufficient to confer standing."); Brooke v. Newport Hotel Holding LLC, No. 8:16-cv-00426-CJC-DFM (C.D. Cal. Apr. 29, 2016) ("[T]he Court concludes for its purposes that absent extraordinary circumstances, an ADA plaintiff should have firsthand knowledge of the presence of at least one barrier in an establishment before acquiring standing to sue to remove that barrier or others.  This standard is consistent with the Ninth Circuit's guidance in Pickern and alleviates some of the obvious problems with ADA plaintiffs suing a multitude of establishments from afar."); Brooke v. Ayres-Laguna Woods, No. 16-cv-00347-CJC-

5

KES, 2016 WL 1714880 (C.D. Cal. Apr. 12, 2016) (dismissing complaint for failure to allege injury in fact in analogous circumstances); Brooke v. Perry Family Trust, No. 2:16-cv-04648-DMG-AJW (C.D. Cal. Oct. 3, 2016) (same); Brooke v. Everest Hotel, Inc., No. 5:16-cv-01378-DMG-PJW (C.D. Cal. Oct. 31, 2016) (same); see also Order to Plaintiff to Show Cause Why the Action Should Not Be Dismissed for Lack of Standing, Brooke v. H & K P'ship, No. 1:16-cv-1406-AWI-JLT (E.D Cal. Oct. 26, 2016) (order issued for 28 related cases) ("Thus, because Plaintiff did not stay at—or even visit—the hotels and did not personally encounter the alleged barriers, it appears Plaintiff lacks standing under Article III to pursue her claims for violations of the ADA."). The Court also finds that Judge Curiel's dismissal order in Brooke v. Kalthia Grp. Hotels supports dismissal. No. 15-cv-01873-GPC-KSC, 2015 WL 7302736 (S.D. Cal. Nov. 18, 2015). Contrary to Plaintiff's argument, only dictum from that decision lends credence to Plaintiff's position. Judge Curiel ultimately dismissed Plaintiff's complaint for lack of standing and did not, as Plaintiff contends, Opp. at 5-6, hold that Plaintiff's "call and confirm method" confers standing. Kalthia Grp. Hotels, 2015 WL 7302736, at *5 ("A review of cases . . . reveals that an allegation that Plaintiff's agent verified the violation is not sufficient to confer standing."). Furthermore, Judge Curiel distinguished that case from the Arizona cases where Plaintiff alleged that she "independently verified" the absence of a pool lift and was thus found to meet the standing requirements. Id.

In accordance with the California district courts cited above, this Court holds that Plaintiff's "call and confirm

method," as alleged in the Complaint, does not confer standing. Plaintiff's ADA claim is thus dismissed, without prejudice.

    C.   <u>Supplemental Jurisdiction</u>

The only remaining claims are state law claims. Where a district court dismisses all federal claims in an action for lack of subject matter jurisdiction, it cannot exercise supplemental jurisdiction and must dismiss the state law claims. <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 806 (9th Cir. 2001). Plaintiff's second and third causes of action are thus dismissed without prejudice.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss WITHOUT PREJUDICE. If Plaintiff elects to file an amended Complaint she should do so within twenty days of the date of this Order and Defendant should file its responsive pleading within twenty days thereafter. If Plaintiff does not file an amended Complaint the clerk will be directed to close this file.

The Court issued its Order re Filing Requirements for Cases Assigned to Judge Mendez ("Order") on August 30, 2016. ECF No. 3-2. The Order limits memoranda in support of and in opposition to motions to dismiss to fifteen pages and reply memoranda in support of motions to dismiss to five pages. The Order also states that violations of the page limit will result in monetary sanctions against counsel in the amount of $50.00 per page and that the Court will not consider any arguments made past the page limit. Defendant's Reply Memorandum in support of its Motion to

Dismiss is four pages longer than the page limit.  As such, the Court has not considered any arguments made after page five of the Reply.

Counsel for the Defendant is ordered to pay $200.00 to the Clerk of the Court within five days of the date of this Order.

IT IS SO ORDERED.

Dated: May 17, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE